UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH M. ANDERSON,

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

Case No. 3:18-cv-00426-MMD-CBC

ORDER

## I. SUMMARY

This is a prisoner's civil rights case. Before the Court is Plaintiff Joseph M. Anderson's motion for reconsideration ("Motion") (ECF No. 24) of this Court's screening order on the amended complaint (ECF No. 22). For the following reasons, the Court grants Plaintiff's Motion.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and filed an amended civil rights complaint on October 23, 2018, pursuant to 42 U.S.C. § 1983, asserting four counts against multiple defendants (ECF No. 21).

The Court issued a screening order on Plaintiff's amended complaint on November 26, 2018 (ECF No. 22). The Court allowed Plaintiff to proceed on the following: (1) Count I: Fourteenth Amendment equal protection claim against Defendants Dzurenda, Thomas, Byrne, T. Carpenter, Baze, Stogner, A. Carrasco, McDaniel, Cox, Foster, Snyder, Wickham, Baker, Baros, V. Olivas, and Does 1 through 5 (once Plaintiff learns their identities); (2) Count I: First Amendment free exercise of religion claim against Defendants Dzurenda, Thomas, Walsh, Gorsline, Byrne, T. Carpenter, Baze, Carrasco, Stogner, McDaniel, Cox, Foster, Feather, Rutherford, V. Olivas, Stogner, Snyder, Wickham, Baker, Baros, and Does 1 through 5 (once Plaintiff learns their identities); (3)

Count I: First Amendment retaliation claim against Dzurenda, Thomas, Walsh, Gorsline, Baker, Baros, Byrne, T. Carpenter, Baze, Carrasco, Stogner, McDaniel, Cox, Foster, Feather, Rutherford, and V. Olivas; (4) Count I: Fourteenth Amendment access to courts claim against Defendants Dzurenda, Thomas, Walsh, Gorsline, Byrne, T. Carpenter, Baze, Carrasco, Stogner, McDaniel, Cox, Foster, Rutherford, and V. Olivas; (5) Count II: Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Aranas, Dr. Adamson, Yupp, Hultenschmidt, Hegge, Donnelly, Ballentine, Austin, Carthen, Feather, Carpenter, Terrance, Kablitz, Martucci, Lima, and Jane Doe (once Plaintiff learns her identity); (6) Count II: alleging a First Amendment retaliation claim against Defendants Carr, Sandie, Bautista, Olivas, Filorio, Garret, T. Carpenter, D. Carpenter, Baker, Baze, Dzurenda, Thomas, Cordova, Wickham, and Feil; and (7) Count II: First Amendment retaliation claim against Defendants D. Carpenter, Baker, Thomas, Dzurenda, and Does 8 through 10 (once Plaintiff learns their identities). (ECF No. 22 at 10-11.) The Court dismissed Defendants East, Davis, R. Olivas, Chandler, Gilder, Gentry, Langley, and Kienenberger, without prejudice, from this action. (*Id.* at 12.)

**III.     LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

**IV.     DISCUSSION**

Plaintiff contends that a portion of his Count I claim (ECF No. 21 at 21-23 (paragraph 7)) against Defendants Dzurenda, Thomas, Baker, Carpenter, Chandler,

Snyder, Wickham, Davis, and John and Jane Does 1 through 5 was overlooked in the original screening order resulting in the dismissal of Defendants Davis and Chandler (ECF No. 24 at 2). Upon reviewing the screening orders issued by this Court on Plaintiff's original and amended complaints, it appears that Plaintiff's allegations were not properly screened. Accordingly, the Court grants Plaintiff's Motion and will now screen Paragraph 7 of Count I.

Plaintiff alleges that Defendants Dzurenda, Thomas, Baker, Carpenter, Chandler, Snyder, Wickham, Davis, and John and Jane Does 1 through 5 denied Plaintiff his First Amendment rights to religious exercise by denying use of authorized religious items, religious oils, herbs/minerals, and religious teas required by his Wicca Tenets for use in worship rituals (ECF No. 21 at 21-23). Plaintiff also alleges that Defendants have imposed a significant, substantial burden on "Solitare" Wicca Practitioners in violation of the Religious Land Use and Institutionalized Persons Act by implementing non-neutral religious policies and regulations. (*Id.* at 23.)

### A. First Amendment – Free Exercise of Religion

The United States Constitution requires an inmate be given an opportunity to observe the free exercise of religious freedoms guaranteed by the First Amendment. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). An inmate retains his First Amendment right to the free exercise of his religion, subject to valid limitations necessitated by penological objectiveness—including deterrence of crime, rehabilitation of inmates, and institutional security. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" *Freeman v. Arpaio*, 125 F.3d at 732, 737 (9th Cir. 1997) (citing *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)).

The Court finds that Plaintiff states a colorable First Amendment free exercise of religion claim. Based on the allegations, Defendants prevented Plaintiff from adequately practicing his religion by denying approval to religious property items used for religious

1 expression of Wicca tenets. (ECF No. 21 at 21-23.) An allegation that Defendants denied Plaintiff from adequately practicing his religion allows the Court to infer that Defendants burdened Plaintiff's practice of religion. Based on Plaintiff's inability to engage in a tenet of his religion, the Court finds that this portion of Count I will proceed against Defendants Dzurenda, Thomas, Baker, Carpenter, Chandler, Snyder, Wickham, Davis, and Does 1 through 5 (once Plaintiff learns their identities).

### B. Religious Land Use and Institutionalized Persons Act

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person–(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a)(1)-(2). "Claims brought under RLUIPA are subject to a strict scrutiny standard, which replaces the reasonableness standard employed in cases involving constitutional violations." *Shilling v. Crawford*, 536 F.Supp.2d 1227, 1232 (D. Nev. 2008).

RLUIPA broadly defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C. § 2000cc-3(g)). The plaintiff bears the burden of demonstrating a prima facie claim that the prison's policies or actions constitute a substantial burden on the exercise of his religious beliefs. *Id.* at 994.

Based on the allegations, prison officials have established non-neutral religious policies that prevent Plaintiff from exercising the tenets of his religion. For screening purposes, these allegations are sufficient to state a colorable RLUIPA claim against Defendants Dzurenda, Thomas, Baker, Carpenter, Chandler, Snyder, Wickham, Davis, and Does 1 through 5 (once Plaintiff learns their identities).

## V. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion for reconsideration (ECF No. 24) is granted.

It is further ordered that in light of the motion for reconsideration, and the screening order on the amended complaint, the following claims will proceed:

Count I, alleging a Fourteenth Amendment equal protection claim, will proceed against Defendants Dzurenda, Thomas, Byrne, T. Carpenter, Baze, Stogner, A. Carrasco, McDaniel, Cox, Foster, Snyder, Wickham, Baker, Baros, V. Olivas, and Does 1 through 5 (once Plaintiff learns their identities).

Count I, alleging a First Amendment free exercise of religion claim, will proceed against Defendants Dzurenda, Thomas, Walsh, Gorsline, Byrne, T. Carpenter, Baze, Carrasco, Stogner, McDaniel, Cox, Foster, Feather, Rutherford, V. Olivas, Stogner, Snyder, Wickham, Baker, Baros, and Does 1 through 5 (once Plaintiff learns their identities).

Count I, alleging a First Amendment retaliation claim, will proceed against Dzurenda, Thomas, Walsh, Gorsline, Baker, Baros, Byrne, T. Carpenter, Baze, Carrasco, Stogner, McDaniel, Cox, Foster, Feather, Rutherford, and V. Olivas.

Count I, alleging a Fourteenth Amendment access to courts claim, will proceed against Defendants Dzurenda, Thomas, Walsh, Gorsline, Byrne, T. Carpenter, Baze, Carrasco, Stogner, McDaniel, Cox, Foster, Rutherford, and V. Olivas.

Count I, alleging a First Amendment free exercise of religion violation, will proceed against Defendants Dzurenda, Thomas, Baker, Carpenter, Chandler, Snyder, Wickham, Davis, and Does 1 through 5 (once Plaintiff learns their identities).

Count I, alleging an RLUIPA claim, will proceed against Defendants Dzurenda, Thomas, Baker, Carpenter, Chandler, Snyder, Wickham, Davis, and Does 1 through 5 (once Plaintiff learns their identities).

Count II, alleging an Eighth Amendment deliberate indifference to serious medical needs claim, will proceed against Defendants Aranas, Dr. Adamson, Yupp,

Hultenschmidt, Hegge, Donnelly, Ballentine, Austin, Carthen, Feather, Carpenter, Terrance, Kablitz, Martucci, Lima, and Jane Doe (once Plaintiff learns her identity).

Count II, alleging a First Amendment retaliation claim, will proceed against Defendants Carr, Sandie, Bautista, Olivas, Filorio, Garret, T. Carpenter, D. Carpenter, Baker, Baze, Dzurenda, Thomas, Cordova, Wickham, and Feil.

Count II, alleging a First Amendment retaliation claim based on Plaintiff being found guilty of a disciplinary charge, will proceed against Defendants D. Carpenter, Baker, Thomas, Dzurenda, and Does 8 through 10 (once Plaintiff learns their identities).

It is further ordered that the deadlines set forth in this Court's screening order on the amended complaint (ECF No. 22) remain in full effect.

DATED THIS 3rd day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE