UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOSEPH M. ANDERSON, | Case No. 3:18-cv-00426-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

**I.　SUMMARY**

This is a civil rights case involving Plaintiff Joseph M. Anderson, who is in the custody of the Nevada Department of Corrections. Before the Court are Plaintiff's two objections to United States Magistrate Judge Carla L. Baldwin's order. First, Plaintiff objects to Judge Baldwin's minute order (the "Minute Order") denying motion for leave to submit a second amended complaint ("Motion to Amend") (ECF No. 143 at 2 (denying ECF No. 115)). (ECF No. 147.) Second, Plaintiff objects to Judge Baldwin's report and recommendation (the "R&R") (ECF No. 144) recommending that Court deny Plaintiff's motion to correct the identification of Defendant Steve Ballantyne (the "Motion to Correct") (ECF No. 129), and that Defendant Steve Ballentine be dismissed for failure to properly effectuate service of process. (ECF No. 146.) As discussed further below, the Court overrules both of Plaintiff's objections and adopts the R&R in full.[1]

///

///

///

---

[1] The Court has also reviewed Defendants' responses. (ECF Nos. 152, 155.) Plaintiff filed a reply in support of his objection to the R&R (ECF No. 154) without first seeking leave of the Court. *See* LR IB 3-2 ("Replies will be allowed only with leave of court.") The Court therefore strikes Plaintiff's reply and will not address it in this order.

## II. PLAINTIFF'S OBJECTION TO THE MINUTE ORDER (ECF NO. 147)

### A. Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### B. Discussion

Judge Baldwin granted Plaintiff's motion for an extension to file a second amended complaint identifying Doe Defendants. (ECF No. 96 at 3.) But "Plaintiff [was not] permitted to bring new claims." (*Id.* at 3 n.1.) Thereafter in the Minute Order, Judge Baldwin denied Plaintiff's Motion to Amend (ECF No. 115) because Plaintiff "attempted to add additional allegations against new defendants that were not previously identified as potential Doe defendants." (ECF No. 143 at 2.)

Plaintiff objects to the Minute Order because Plaintiff did not consent to Judge Baldwin's authority to decide his Motion to Amend and because Judge Baldwin failed to

issue a report and recommendation on the issue. (ECF No. 147 at 4, 7.) However, Judge Baldwin was addressing Plaintiff's failure to comply with this Court's order allowing limited amendment, which is a pretrial issue that she may finally resolved. *See Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (citation omitted) (parties' consent is not required for magistrate judge jurisdiction over pretrial, non-dispositive matters).

Plaintiff further argues that he did not add any new claims to his proposed second amended complaint, yet he admits that he realleged a conspiracy claim (Count IV) that the Court dismissed in a prior screening order. (ECF No. 147 at 6; *see also* ECF No. 22 at 8.) Contrary to Plaintiff's assertion, the Court did not leave the conspiracy claim "unresolved" (ECF No. 147 at 6)—the Court unambiguously dismissed that claim because "Plaintiff only provide[d] conclusory allegations that Defendants . . . had a meeting of the minds to interfere with Plaintiff's rights" (ECF No. 22 at 8). Because Plaintiff exceeded the scope of his leave to amend when he added his conspiracy claim, the Court overrules Plaintiff's objection and finds that Judge Baldwin correctly denied the Motion to Amend.

### III.    PLAINTIFF'S OBJECTION TO THE R&R (ECF NO. 146)

#### A.    Background

Plaintiff filed this action on August 31, 2018. (ECF No. 1.) On July 5, 2019, a Summons/USM-285 was returned unexecuted as to Steve Ballentine. (ECF No. 77.) Almost a year later on August 16, 2019, Judge Baldwin denied Plaintiff's motion to process service on Steve Ballentine because Defendant "no longer resides at the address." (ECF No. 96 at 2.) But Judge Baldwin granted Plaintiff's motion for an extension of time to "provide a more detailed address for [Defendant Ballentine]" and to complete service. (*Id.*) Judge Baldwin also informed Plaintiff that if he "is unable to provide a more detailed address for [Defendant Ballentine] on or before [the discovery cutoff date of] November 18, 2019, [said Defendant] will be dismissed for failure to properly effectuate service of process." (*Id.*) Plaintiff failed to do so. (ECF No. 144 at 1.)

///

On December 13, 2019, Plaintiff received discovery documents from Defendants and found that Steve Ballentine's last name was spelled "Ballantyne" twice in a daily medical sign in/out log. (ECF No. 146 at 6; *see also* ECF No. 129 at 1, 23, 25.) Plaintiff requested an extension of time to conduct an online search of addresses under Steve Ballantyne and to process service on him. (ECF No. 129 at 7.)

**B.     Discussion**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the R&R, the Court has undertaken a *de novo* review of it, including the underlying briefs. The Court finds good cause to adopt the R&R in full and overrules Plaintiff's objection.

Judge Baldwin recommends that the Court deny Plaintiff's Motion to Correct (ECF No. 129) and that Defendant Steve Ballentine be dismissed for failure to properly effectuate service of process. (ECF No. 144 at 1.) Federal Rule of Civil Procedure 4(m) provides that the Court "must dismiss the action without prejudice against defendant or order that service be made within a specified time" if service was not effectuated within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate time." *Id.*

Plaintiff argues that he should be given an extension of time to effectuate service on Steve Ballantyne for a few reasons. First, Plaintiff asserts that the U.S. Marshal found Ballantyne but refused service in bad faith because of the misspelled name, based on the mere fact that the proof of service for the summons stated that the server located the address but the "name is not accurate." (ECF No. 146 at 9 (citing to ECF No. 77 at 3).) Without more evidence, Plaintiff's objection is little more than conjecture and is overruled.

///

4

1   Plaintiff also insists he should be given an extension of time because (1) Plaintiff
2   did not discover Defendant's correct name until December 2019; (2) Defendant Ballantyne
3   would not be prejudiced by being brought into this case; and (3) Plaintiff will be significantly
4   prejudiced by dismissal of Defendant Ballantyne. (*Id.* at 6, 9.) The Court rejects these
5   arguments because Plaintiff was given almost a year—and therefore ample opportunity—
6   to effectuate service. (*See* ECF No. 144 at 1.) Furthermore, granting Plaintiff an extension
7   of time now would delay the case given that dispositive motions were due on December
8   18, 2019, and a joint pretrial order was due by January 17, 2019. (ECF No. 96 at 3.)

Because Plaintiff has not filed a proof of service for Defendant Ballantine to this date, nor has he demonstrated good cause for an extension of time for service, the Court overrules Plaintiff's objection and dismisses Defendant Ballantine. The Court also denies Plaintiff's Motion to Correct (ECF No. 29) as moot.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 147) to Judge Baldwin's minute order is overruled.

It is further ordered that Judge Baldwin's R&R (ECF No. 144) is accepted and adopted in full.

It is further ordered that claims against Defendant Ballantine are dismissed without prejudice.

It is further ordered that Plaintiff's motion to correct the identification of Defendant Steve Ballantyne (ECF No. 129) is denied as moot.

DATED THIS 27th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE