UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH M. ANDERSON,<br><br>        Plaintiff,<br> v.<br><br>JAMES DZURENDA, *et al.*,<br><br>        Defendants. | Case No. 3:18-cv-00426-MMD-CLB<br><br>ORDER |

   This is a civil rights case involving Plaintiff Joseph M. Anderson, who is in the custody of the Nevada Department of Corrections. On March 13, 2020, United States Magistrate Judge Carla L. Baldwin conducted a discovery hearing (the "Hearing") that was memorialized in minutes of proceedings (the "Minutes") (ECF No. 157). Before the Court is Plaintiff's objection to the Minutes as inaccurate and a request for transcripts of the Hearing.[1] (ECF No. 159.) As discussed further below, the Court overrules Plaintiff's objection and denies the request as moot.[2]

   According to the Minutes, Plaintiff attended the Hearing by telephone and agreed to withdraw his motions to compel ("MTCs") (ECF Nos. 123, 124, 125) and conceded that he failed to meet and confer regarding said motions. (ECF No. 157 at 1-2.) Plaintiff now objects that he never withdrew his MTCs, he in fact met and conferred with opposing counsel, and he never agreed with the scope of discovery outlined in the Minutes. (ECF

///

///

---

[1] Plaintiff has also filed the same document as a separate Motion – Request for Transcripts of the Hearing (3/13/2020). (ECF No. 160.) Because LR IC 2-2(b) requires that a party file a separate document for each type of relief sought, the Court will construe ECF No. 159 as an objection to the Minutes and ECF No. 160 as a request for transcripts.

[2] The Court has also reviewed Defendants' responses. (ECF Nos. 161.)

No. 159 at 1-3.) To support his objection, Plaintiff also requests transcripts of the Hearing at the expense of Defendants or the Court[3]. (ECF No. 160 at 1, 4.)

However, Plaintiff's objection is untimely. Under LR IB 3-1,[4] Plaintiff must file his objection to the Minutes by March 27, 2020, 14 days after service of the Minutes on March 13, 2020 (ECF No. 157). Instead, Plaintiff filed his objection and request on April 6, 2020—10 days past the deadline. (ECF Nos. 159, 160.) The Court therefore overrules Plaintiff's objection as untimely and denies his request for transcripts as moot.

The Court notes that the parties made several arguments and cited to laws not discussed above. The Court has reviewed these arguments and laws and determines that they do not warrant discussion as they do not affect the outcome of the objection and request before the Court.

It is further ordered that Plaintiff's objection (ECF No. 159) to Judge Baldwin's minutes is overruled.

It is further ordered that Plaintiff's motion requesting transcripts of the Hearing (ECF No. 160) is denied as moot.

DATED THIS 22nd day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Moreover, the Court cannot grant the requested relief even if it is not rendered moot by the untimeliness of the objection. Plaintiff is not entitled to shift the cost of the proceedings to Defendants by asking that Defendants pay for the cost of the transcripts. Nor can the Court use public funds to pay for the transcripts, The 9th Circuit has held that 28 U.S.C. § 1915 does not authorize waiver of payments or fees of expenses for certain trial proceedings. *Tedder v. Odol*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *Johnson v Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *cert. denied*, 464 U.S. 917 (1983) (court in dicta referred to transcripts as part of trial proceedings that the "constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party.")

[4]Because the Minutes involved a discovery-related pretrial matter, LR IB 3-1 applies. *See Middleton v. Omely Telecom Corp.*, No. 2:16-cv-1369-JAD-GWF, 2017 WL 5559913, at *1 (D. Nev. Nov. 16, 2017) ("Consent is not required for a magistrate judge to resolve the pretrial issues contemplated by [28 U.S.C.] § 636(b)(1)(A), like . . . resolving discovery-related issues.").