UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH M. ANDERSON,<br><br>                    Plaintiff,<br>    v.<br>JAMES DZURENDA, *et al.*,<br><br>                    Defendants. | Case No. 3:18-cv-00426-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Joseph M. Anderson brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 23.) On February 15, 2022, Defendants filed a suggestion of death on the record as to Defendant Richard Snyder, a former chaplain and member of the Religious Review Team of the Nevada Department of Corrections ("NDOC"). (ECF No. 256.) The Court ordered a motion for substitution ("Motion") to be filed within 90 days, or the decedent will be dismissed. (ECF No. 258.) Before the Court is Anderson's timely-filed Motion,[1] where he requests Defendants' assistance in naming the successor or representative for Snyder. (ECF No. 260.) As further explained below, the Court will grant the Motion in part by requiring the Nevada Attorney General's Office ("AG") to identify Snyder's successor in interest. However, the Court will deny the Motion in part because Snyder may not remain a Defendant in this case after his death. The Court also denies Anderson's requests to reopen discovery and seize Snyder's assets, and further declines to hold a hearing on any of these issues.

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). The motion for substitution must be filed "within 90 days after service of a statement noting the death." *Id.* To trigger this 90-day

---

[1]Defendants filed a response to the Motion (ECF No. 261) and Anderson filed a reply (ECF No. 265).

period, "[f]irst, a party must formally suggest the death of the party upon the record . . . Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted). The Ninth Circuit has held that the party responsible for identifying the decedent's successor is the party who is in the best position to do so. *See Gilmore v. Lockard*, 936 F.3d 857, 866-67 (9th Cir. 2019). In the context of inmate litigation, this burden often lies with the state attorney general, who is "significantly better positioned" than an incarcerated *pro se* plaintiff with limited resources, to ascertain the proper successor or representative. *See id.* at 866. Shifting the onus to a *pro se* litigant may place him "at a tactical disadvantage" and "would defeat the purpose of Rule 25(a): to preserve parties' rights and causes of action when a party dies." *Id*. Hence, to trigger the 90-day deadline for filing a motion for substitution, the state attorney general must either serve the decedent's successor, or *at the very least*, identify the proper successor or representatives. *See id*. at 867.

In his Motion, Anderson contends that, as an incarcerated litigant, he does not have the resources or knowledge to ascertain Snyder's[2] successor or representative and asks the Court and Defendants for assistance. (ECF No. 260 at 1, 6.) Like in *Gilmore*, where a defendant also died in the middle of litigation and the state attorney general notified the plaintiff, the AG here is in a significantly better position to identify Snyder's successor than Anderson. This is particularly true, given that the AG represented Snyder and has an existing relationship with the NDOC. *See Gilmore*, 936 F.3d at 866. Defendants' filing of a suggestion of death for Snyder, without more, is insufficient under

---

[2]In his reply, Anderson argues that it is necessary to keep Snyder as a Defendant in the lawsuit because his "causes of action stemmed from [Snyder's] direct actions and inactions." (ECF No. 265 at 4.) The Court denies Anderson's request because the Ninth Circuit has held that "a party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020).

Rule 25. (ECF No. 256.) *Gilmore* requires that the AG, *at a minimum*, identify Snyder's successor or representatives to trigger the 90-day window. *See* 936 F.3d at 867. The Court therefore directs the AG to comply with their obligations under *Gilmore*.[3]

It is therefore ordered that Anderson's motion for substitution (ECF No. 260) is granted in part and denied in part.

It is further ordered that the Attorney General's Office must file a notice identifying the party for substitution within 30 days of the date of this order. If the Attorney General's Office is unable to ascertain the appropriate party for substitution, they must file a status report outlining the diligent, step-by-step efforts taken to try to identify Snyder's successor or representatives.

It is further ordered that Anderson's request for limited discovery and/or to reopen discovery is denied.

It is further ordered that Anderson's request for a court hearing to determine Snyder's successor or representatives is denied.

It is further ordered that Anderson's request to keep the decedent, Richard Snyder, as a Defendant is denied.

It is further ordered that Anderson's request to seize Snyder's property or assets is denied.

DATED THIS 24th Day of March 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Defendants' terse description of their record search for Snyder's estate is insufficient to meet their obligations under *Gilmore*, where Defendants must "at a minimum" identify the decedent's successor or personal representatives. *See* 936 F.3d at 867.