UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH M. ANDERSON,<br><br>       Plaintiff,<br> v.<br>JAMES DZURENDA, *et al.,*<br><br>       Defendants. | Case No. 3:18-cv-00426-MMD-CLB<br><br>ORDER |

  *Pro se* Plaintiff Joseph M. Anderson brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 23.) Before the Court is Defendants' notice identifying the party to be substituted for decedent Richard Snyder (ECF No. 272), in compliance with the Court's March 24, 2022, order (ECF No. 267). For the reasons stated below, the Court will substitute Deputy Director Brian Williams for Richard Snyder and allow Anderson's First Amendment Free Exercise and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims to proceed against Defendant Williams in his official capacity only.

  To start, Defendants identified Deputy Director Brian Williams as the appropriate substitute for Snyder in his official capacity. (ECF No. 272 at 1.) The Court grants this substitution because Williams, who is a current member of the Religious Review Team ("RRT") at the Nevada Department of Corrections ("NDOC"), is the proper successor in office for Snyder, a former member of the RRT. (ECF Nos. 260 at 24, 272 at 1-2.) *See* Fed. R. Civ. P. 25(d) (providing that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party"). Defendants have therefore satisfied their minimum obligations. *See Gilmore v. Lockard*, 936 F.3d 857, 867 (9th Cir. 2019) (holding that in the context of inmate litigation, the state attorney general must *at the very least* identify the decedent's proper successor or

representative).

Next, as to Anderson's claims against Snyder in his individual capacity, Defendants have failed to identify a substitute. (ECF No. 272 at 2-3.) The law of the forum state generally governs whether a section 1983 claim survives the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 590-91 (1978). NRS § 41.100(1) provides that "[e]xcept as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." The Nevada Attorney General's Office ("AG") conducted a thorough search and ascertained that no estate was established for Snyder. (ECF No. 272 at 2-3.) In the notice, the AG outlined its good faith efforts to locate Snyder's estate, including a request to the First Judicial District Court, searches of multiple databases, and contacting Snyder's widow, who confirmed that there is no estate for her late husband.[1] (*Id.*) The AG also previously searched the records of Washoe and Clark counties and Carson City, and was unable to locate an estate for Snyder. (ECF No. 261 at 4.)

The Court is therefore satisfied with Defendants' efforts and finds that no further action is necessary. *See Allen v. Allenby*, Case No. 1:15-cv-01609 DAD JDP (PC), 2020 WL 7319364, at *1 (E.D. Cal. Dec. 11, 2020) (noting that "[a] motion to substitute under Rule 25 may be denied if substitution, including identifying the appropriate representative, would be unduly burdensome") (citations omitted); *Gruenberg v. Maricopa Cty. Sheriff's Office*, Case No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *2 (D. Ariz. May 8, 2008) (holding that after the defendants' inquiries "failed to reveal any next-of-kin or an executor of [the] [p]laintiff's estate," they were not required to do more). Absent an appropriate substitute, Anderson's claims against Snyder in his individual capacity are dismissed without prejudice.

It is therefore ordered that Deputy Director Brian Williams is substituted for

---

[1]The AG submitted an exhibit of its request to the First Judicial District Court Clerk's Office and a declaration from Douglas R. Rands outlining the efforts of the AG to locate Snyder's estate. (ECF Nos. 272-1 at 1-2, 272-2 at 1-2.)

decedent Richard Snyder in his official capacity. Snyder's First Amendment Free Exercise and RLUIPA claims may only proceed against Williams in his official capacity.

    The Clerk of Court is directed to update the docket accordingly.

    It is further ordered that the Attorney General's Office will advise the Court within 10 days of the date of the entry of this order whether it will represent Defendant Brian Williams in this action.

    It is further ordered that Anderson's claims against Snyder in his individual capacity are dismissed without prejudice.

    DATED THIS 27th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE